**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INDERJIT SINGH JHATTU, | No. 08-71891 |
| Petitioner, | Agency No. A097-587-473 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:    B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Inderjit Singh Jhattu, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's findings of fact, including credibility findings. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). We grant the petition for review, and we remand.

Substantial evidence does not support the BIA's adverse credibility finding because the perceived omissions at the hearing, including Jhattu's failure to mention certain details regarding the man whose death precipitated the rally, and that Hindus celebrated the killing and attacked the rally, are minor and do not go to the heart of his claims. *See Chen v. Ashcroft*, 362 F.3d 611, 617 (9th Cir. 2004) ("Minor discrepancies, inconsistencies or omissions that do not go to the heart of an applicant's claim do not constitute substantial evidence to support an adverse credibility finding.") (citation omitted). The record reflects no inconsistency between Jhattu's testimony and his application, and Jhattu was never asked about the man in question or the Hindus and their response. *See Mousa v. Mukasey*, 530 F.3d 1025, 1029 (9th Cir. 2008) (failure to explain consequences of leg infection did not support adverse credibility finding where petitioner testified about infection "only in passing" and was not asked to discuss the seriousness of the infection or how she recovered); *Singh v. Ashcroft*, 362 F.3d 1164, 1171 (9th Cir. 2004) (fact that petitioner "did not initially volunteer" information about seeing other Akali Dal members at temple was insufficient to support adverse credibility finding).

08-71891

Accordingly, we remand for the BIA to assess Jhattu's asylum, withholding of removal, and CAT claims on the merits, deeming his testimony credible. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**